UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROLAND SATISH EMRIT,<br><br>              Plaintiff,<br>    v.<br><br>ERIN BURNETT et al.,<br><br>              Defendant. | CASE NO. 3:25-cv-05915-DGE<br><br>ORDER DISMISSING<br>COMPLAINT (DKT. NO. 6) |

      This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. § 1915(a). Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), has submitted a complaint against Erin Burnett from CNN, Jason Carroll, Andrew Kaczynski of K-File, Manu Raju, Dr. Sanjay Gupta, Jake Tapper, Lawrence O'Donnell of the Last Word on MSNBC, BMW Cars of North America, Barry Levine of the National Enquirer, and Congresswoman Nancy Mace of South Carolina (Dkt. No. 6.)

      Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc ). "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

As currently formulated, Plaintiff's complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted. The allegations of the complaint are conclusory and largely unintelligible. Plaintiff alleges Defendants violated the Equal Protection Clause, Due Process Clause, and Privileges and Immunities Clause by failing to provide him with a Section 8 housing voucher.[1] (Dkt. No. 6 at 11.) However, Plaintiff does not state any details that would support these causes of action and does not allege that any of these Defendants had any authority to act on a Section 8 application.

The majority of federal housing assistance takes place through the Housing Choice Voucher Program, which subsidizes the cost of renting privately-owned housing units. 42 U.S.C. § 1437f(o). The Voucher Program is funded and regulated by the federal Department of Housing and Urban Development, and it is administered at the local level through "public

---

[1] Plaintiff further alleges tortious interference with family relationships and intentional infliction of emotional distress stemming from Defendants' failure to provide a Section 8 housing voucher. (Dkt. No. 6 at 11.)

ORDER DISMISSING COMPLAINT (DKT. NO. 6) - 2

1 housing agencies." 24 C.F.R. § 982.1(a).  The public housing agencies determine whether

2 individuals are eligible to participate in the program.  24 C.F.R. § 982.201.  None of the

3 Defendants are public housing agencies.

4      A Court need not give a *pro se* litigant leave to amend the complaint where "it is

5 absolutely clear that the deficiencies of the complaint could not be cured by amendment," *Akhtar*

6 *v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), or if amendment of the pleading would be futile,

7 *see Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *Ramirez v. Galaza*, 334 F.3d

8 850, 861 (9th Cir. 2003).  Here, it is "absolutely clear" that the defects in Plaintiff's implausible

9 and conclusory claims cannot be cured by amendment.  Plaintiff has sued multiple individuals

10 and an automobile corporation for interfering with his application for housing benefits without

11 explaining how these unassociated individuals and business even could, let alone did, accomplish

12 those ends.

13      Accordingly, the purported claims arising out of Plaintiff's federal housing benefits

14 cannot be cured by amendment, leave to amend should be DENIED as to those claims.

15      To the extent Plaintiff's complaint attempts to allege state tort claims (*see* Dkt. No. 6 at

16 10–11), they too are unintelligible[2] and the Court declines to exercise supplemental jurisdiction.

17 *See* 28 U.S.C. § 1367(c).

---

[2] One of Plaintiff's state law claims is tortious interference with business relations. (Dkt. No. 6 at 10.)  Plaintiff alleges Defendants interfered with Plaintiff's "business relations/contracts by not offering him a job or position of employment at any of the Maryland colleges or universities as a disabled professor of entertainment law." (*Id.*)  Plaintiff does not allege any of the Defendants had the ability to offer a position of employment at a Maryland college.

ORDER DISMISSING COMPLAINT (DKT. NO. 6) - 3

1  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court DISMISSES Plaintiff's federal
2  claims with prejudice and any purported state law claims without prejudice.  This matter is
3  closed.

4  Dated this 7th day of November, 2025.

David G. Estudillo
United States District Judge